GARY SOTER (State Bar No. 67622)
PEARSON, SIMON, SOTER, WARSHAW &
PENNY, LLP
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone:  (818) 788-8300
Facsimile:   (818) 788-8104
Email:        gsoter@psswplaw.com

Attorneys for Plaintiff
MICHELLE FANUCCI

MICHAEL BARNES (State Bar No. 121314)
SONIA MARTIN (State Bar No. 191148)
CHRISTOPHER WINDLE (State Bar No. 141123)
SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N. California Blvd., Suite 800
Walnut Creek, California 94596
Telephone:  (925) 949-2600
Facsimile:   (925) 949-2610
Email:        mbarnes@sonnenschein.com
                   smartin@sonnenschein.com
                   cwindle@sonnenschein.com

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHELLE FANUCCI,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY, MICHAEL B. BALDWIN, and DOES 1 to 50,<br><br>　　　　Defendants. | No. CV-082151-JSW<br><br>JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER<br><br>Date:　　August 22, 2008<br>Time:　　1:30 p.m.<br>Place:　　Courtroom 2, 17th Floor<br>Before:　Hon. Jeffrey S. White |

Pursuant to Federal Rule of Civil Procedure 26(f) and Civil L.R. 16-9(a), the parties submit this Joint Case Management Statement and Proposed Order with respect to the Case Management Conference set for August 22, 2008, and request that the Court adopt it as the Case Management Order.

1. **Jurisdiction and Service:**

Plaintiffs filed this action in Napa County Superior Court. Allstate Insurance Company removed it to this Court pursuant to 28 U.S.C. sections 1332, 1441(a), and 1446. This Court has original jurisdiction over the Superior Court Action under 28 U.S.C section 1332, as plaintiff and Allstate are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

All parties have been served.

2. **Facts:**

Allstate insured plaintiff Michelle Fanucci under her father's auto policy, which provided $250,000 in underinsured motorist coverage. Ms. Fanucci, a pedestrian, was struck by an automobile on January 18, 1997. The at-fault driver carried $100,000 in liability coverage, which was paid to Ms. Fanucci. She then demanded the balance of her underinsured motorist coverage from Allstate. Because Ms. Fanucci and Allstate could not agree on the value of her claim, the dispute was submitted to arbitration, at which Ms. Fanucci was awarded $1,418,014.07. Following the arbitration, Allstate paid its $150,000 net policy limit under Ms. Fanucci's auto policy. She now demands that Allstate pay an additional $1 million under her father's personal umbrella policy with Allstate.

Ms. Fanucci alleges Allstate is estopped from denying underinsured motorist coverage under the umbrella policy because Ms. Fanucci's father asked for $1 million in underinsured coverage and Allstate's agent, Michael Baldwin, allegedly advised her father in 1987 that the umbrella policy would supplement each of the underlying auto coverages. Finally, Ms. Fanucci asserts bad faith delay in payment of the $150,000, claiming Allstate should not have required her to go through arbitration to recover the underinsured motorist benefits.

On the basis of these allegations, Ms. Fanucci asserts claims for declaratory relief, breach of contact, breach of the implied covenant of good faith and fair dealing, negligence and negligent misrepresentation. She seeks special damages totaling $1,035,257.51, general and punitive damages, attorneys' fees, prejudgment interest and costs of suit.

3. **Legal Issues:**

   1. Is Allstate estopped from disputing coverage under its umbrella policy based on the conduct of its agent?

   2. Can coverage be created by estoppel?

   3. Does the statute of limitations bar plaintiff's claim?

   4. Was Mr. Baldwin negligent?

   5. Did Mr. Baldwin breach a duty of care?

4. **Motions:**

Allstate may move for summary judgment or partial summary judgment.

5. **Amendment of Pleadings:**

None anticipated.

6. **Evidence Preservation:**

The parties have taken appropriate steps to ensure the preservation of evidence.

7. **Disclosures:**

The parties will serve their initial disclosures on or before August 15, 2008.

8. **Discovery:**

The parties plan to conduct discovery regarding all allegations in the complaint. The parties anticipate propounding written discovery and deposing the parties and other relevant witnesses. The parties do not believe any deviation from the discovery guidelines set forth in the Federal Rules of Civil Procedure is necessary at this time.

9. **Related Cases:**

There are no pending related cases.

10   **Relief:**

<u>Plaintiffs' Statement</u>

Plaintiff seeks (1) a declaration that Allstate is estopped to deny underinsured motorist coverage under the automobile policy, (2) special damages $1,035,257.51, (3) general damages, (4) attorneys fees, and (5) punitive damages.

Defendant's Statement

Allstate seeks judgment in its favor and recovery of its costs.

**11.    Settlement and ADR:**

The parties have not filed a "Stipulation and Proposed Order" selecting an ADR process but jointly request assignment to the Early Neutral Evaluation program.

**12.    Consent to Magistrate:**

The parties consent to the assignment of this action to Magistrate Judge Edward Chen for all purposes.

**13     Other references:**

The parties do not believe any other reference is necessary at this time.

**14.    Narrowing of Issues:**

The parties believe it is premature to narrow the issues through stipulation at this time. However, as discovery progresses, the parties will re-evaluate this issue.

**15     Scheduling:**

The parties propose the following schedule for discovery, motions and trial:

| | |
|---|---|
| Exchange of Initial Disclosure: | August 15, 2008 |
| Non-expert discovery cut-off: | December 15, 2008 |
| FRCP 26(a)(2) expert disclosures: | December 22, 2008 |
| FRCP 26(a)(2) rebuttal disclosures: | January 12, 2009 |
| Expert discovery cut-off: | February 6, 2009 |
| Dispositive pre-trial motion hearing cut-off: | March 15, 2009 |
| Pretrial conference statement: | April 22, 2009 |
| Pretrial conference: | April 29, 2009 |

**16.    Trial:**

The parties request a trial date of May 11, 2009.

**17     Disclosure of Non-party Interested Entities or Persons:**

Allstate is not aware of any interested parties required to be disclosed pursuant to Northern

///

District Local Rule 3-16.

Dated: July 14, 2008

PEARSON, SIMON, SOTER, WARSHAW & PENNY, LLP

By _____/s/ Gary Soter_____
         GARY SOTER

Attorneys for Plaintiff
MICHELLE FANUCCI

Dated: July 14, 2008

SONNENSCHEIN NATH & ROSENTHAL LLP

By _____/s/ Sonia Martin_____
         SONIA MARTIN

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N. California Blvd., Suite 800
Walnut Creek, California 94596
(925) 949-2600

Case No. CV-082151-JSW

-5-

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

-6-

## [PROPOSED] CASE MANAGEMENT ORDER

The case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

In addition, the Court orders:

Dated: _____

_____
Hon. Jeffrey S. White
U.S. District Court Judge