1   GARY SOTER (State Bar No. 67622)
    PEARSON, SIMON, SOTER, WARSHAW &
2   PENNY, LLP
    15165 Ventura Boulevard, Suite 400
3   Sherman Oaks, California 91403
    Telephone:  (818) 788-8300
4   Facsimile:  (818) 788-8104
    Email:      gsoter@psswplaw.com
5
    Attorneys for Plaintiff
6   MICHELLE FANUCCI

7   MICHAEL BARNES (State Bar No. 121314)
    SONIA MARTIN (State Bar No. 191148)
8   CHRISTOPHER WINDLE (State Bar No. 141123)
    SONNENSCHEIN NATH & ROSENTHAL LLP
9   2121 N. California Blvd., Suite 800
    Walnut Creek, California 94596
10  Telephone:  (925) 949-2600
    Facsimile:  (925) 949-2610
11  Email:      mbarnes@sonnenschein.com
                smartin@sonnenschein.com
12              cwindle@sonnenschein.com

13  Attorneys for Defendant
14  ALLSTATE INSURANCE COMPANY

15                          UNITED STATES DISTRICT COURT

16                         NORTHERN DISTRICT OF CALIFORNIA

17                              SAN FRANCISCO DIVISION

18  MICHELLE FANUCCI,                        No. CV-082151 EMC

19         Plaintiff,

20     vs.                                   CONFIDENTIALITY AGREEMENT AND
                                             STIPULATED PROTECTIVE ORDER
21  ALLSTATE INSURANCE COMPANY,
    MICHAEL B. BALDWIN, and DOES 1
22  to 50,

23         Defendants.

Case No. CV-082151 EMC                              CONFIDENTIAL STIPULATION
                                                    AND PROTECTIVE ORDER

WHEREAS, during the course of discovery in the above-captioned litigation (the "Action"), certain documents and information have been or may be produced that constitute or contain confidential information ("Confidential Material"); and

WHEREAS, the parties desire to protect the confidential nature of all Confidential Material or information derived therefrom (also hereinafter included in the term "Confidential Material"); and

WHEREAS, the parties have agreed or may agree in the future to furnish certain documents constituting or containing Confidential Material subject to this Stipulated Protective Order without waiving any legal right or privilege relating to the confidentiality of such Confidential Material; and

In accordance with the stipulation of the parties and for the purpose of preserving the confidentiality of documents and information that constitute or relate to personal, private or confidential business information;

IT IS HEREBY AGREED AND ORDERED that a protective order shall be entered in this Action that shall apply as follows to all Confidential Material, whether contained or referenced in documents, deposition testimony, answers to interrogatories or document requests, written responses, answers to requests for admission, affidavits, or declarations; in copies, extracts, and summaries (complete or partial) prepared from such documents, or in copies of any of the foregoing:

1. As used herein, the words "document" or "documents" shall include any "writing" or "recording" as those terms are defined in Federal Rule of Evidence 1001, including both "originals" and "duplicates" of any original writing.

2. Any party, through its counsel, may designate any document specified in this Order, or portion thereof, as Confidential Material by marking each page so designated, at the time when it is first produced, served, or otherwise disclosed, with the legend "CONFIDENTIAL."

3. Any party may subsequently de-classify materials that the party previously designated as "CONFIDENTIAL."

Case No. CV-082151 EMC

-1-

CONFIDENTIAL STIPULATION
AND PROTECTIVE ORDER

4. Any deposition testimony in this litigation, or any portion thereof, may be designated as Confidential Material by any party, or by any deponent not employed by any party, before or at the time of the deposition by the party's counsel or by the deponent in accordance with the following procedure:

(a) Such designation shall be made by letter or orally to all counsel.

(b) If the other party objects to designation of any material as confidential, the party requesting confidentiality shall have the burden of moving for the appropriate protective order. The non-moving party shall maintain the confidentiality of the material for sixty days after the deposition, and if a motion is filed within that period, until the Court rules on the motion. If no motion is filed and served within sixty days, then the material will not be deemed confidential.

5. Any document or other material designated by a party as Confidential Material shall not be used for any purpose except in connection with the prosecution or defense of this Action (including any appeal) and may be disclosed only to the following persons for the sole purpose of prosecution or defense of this Action;

(a) the parties to this Action who agree to the terms of this Stipulated Protective Order;

(b) counsel of record for the parties to this Action and employees of such counsel who are assisting counsel in the preparation of this Action for trial;

(c) independent experts or consultants retained by counsel of record to assist in the preparation of this Action for trial, pursuant to paragraph 6 of this Stipulated Protective Order, but only to the extent such persons need such Confidential Material for that preparation;

(d) any person from whom testimony is taken or is to be taken in this Action, pursuant to paragraph 6 of this Stipulated Protective Order, except that such person may only be shown Confidential Material to the extent necessary for preparation of that person's testimony;

(e) judicial officials, jurors, and Court personnel (including stenographic reporters employed by the Court), pursuant to paragraph 6 of this Stipulated Protective Order;

(f) stenographic reporters not employed by the Court who are reporting deposition testimony in this Action, and their employees and agents who are assisting them for that purpose; and

(g) any other person under such terms as may be agreed upon by the parties in writing or as the Court may hereafter order.

6. As a prerequisite to disclosing Confidential Materials to any person identified in paragraph 5(c), (d), (f) and (g), the person to whom the Confidential Materials are to be disclosed must first execute a document in which they agree to be bound by the terms of the Stipulated Protective Order, a copy of which is attached hereto as Exhibit A.

7. Whenever any Confidential Material is submitted to the Court or used in connection with any filing or proceeding in this Action, such document shall be submitted under seal unless the party whose document or information is to be submitted has consented in writing to the disclosure or unless the Court otherwise directs. The manner in which confidential documents or information may be handled and disclosed in the course of the trial hereof shall be determined by the Court at the pre-trial conference.

8. Confidential Material may be disclosed to and discussed with the persons identified in paragraph 5(c), (d), (f), and (g) only if, prior to any disclosure or discussion of Confidential Material, the party or the party's counsel shall inform each such person of the existence of this Protective Order and instruct that such person respect its provisions.

9. Counsel receiving Confidential Material shall not make more copies of such Confidential Material than counsel deems reasonably necessary for the prosecution or defense of this Action. All copies of Confidential Material shall be kept and stored in a manner which counsel deems reasonably calculated to preserve confidentiality.

10. Upon termination of this Action (including any appeals, any satisfaction of judgment, or any settlement of the Action), all copies of Confidential Material, including all copies in the possession of experts and consultants, shall be returned by the counsel receiving such Confidential Material to the counsel or the party who produced or provided it. Counsel for the parties may retain any legal memoranda or opinion letters that contain references to or information extracted from Confidential Material; however, the confidentiality of any such memoranda or letters is to be protected in accordance with the terms of this Stipulated Protective Order.

11. The provisions of this Stipulated Protective Order, insofar as they relate to the communication and use of Confidential Material, shall continue in effect after the conclusion of this Action and until further order of the Court or agreement by the parties in writing.

12. If any dispute arises about whether a document constitutes Confidential Material, the parties will try to resolve the dispute informally. If informal resolution is not possible, the party asserting confidentiality of the document will bring a motion to have the document designated as Confidential Material with notice to all parties and upon a showing of good cause.

13. This Stipulated Protective Order may be modified by written agreement of the parties or by order of the Court. Any such agreement by the parties shall be filed in this Action.

14. By entering into this Stipulation, no party waives any right it may have to object to any discovery on the grounds of privacy, confidentiality, or privilege, or to withhold information or documents from discovery on such grounds.

IT IS SO STIPULATED.

Dated: September 5, 2008

PEARSON, SIMON, SOTER, WARSHAW & PENNY, LLP

By _____
GARY SOTER

Attorneys for Plaintiff
MICHELLE FANUCCI

Dated: September 9, 2008

SONNENSCHEIN NATH & ROSENTHAL LLP

By _____
SONIA MARTIN

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY

IT IS SO ORDERED.

Dated: September 15, 2008

_____
EDWARD
UNITED STATES

IT IS SO ORDERED
Judge Edward M. Chen

Case No. CV-082151 EMC

-4-

CONFIDENTIAL STIPULATION AND PROTECTIVE ORDER

## EXHIBIT A

I hereby acknowledge that I have received and read a copy of the Confidentiality Agreement and Stipulated Protective Order in the action entitled *Michelle Fanucci v. Allstate Insurance Company,* U.S. District Court, Northern District of California, Case No. C08-02152 - EMC. I agree to be bound by the provisions of the Confidentiality Agreement and Stipulated Protective Order with respect to any "Confidential Material" disclosed to me, and I specifically agree that I will not communicate, reveal, or use any "Confidential Material" except in accordance with the terms of the Confidentiality Agreement and Stipulated Protective Order. I further agree to return any Confidential Material provided to me and all copies thereof to the party or counsel who provided such Confidential Material to me.

I hereby submit to the jurisdiction and venue of the U.S. District Court, Northern District, for all purposes relating to the enforcement of the provisions of the Stipulated Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 200__, at _____.

(city, state)

_____
Signature

_____
Name