UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHELLE FANUCCI,                              No. C-08-2151 EMC

              Plaintiff,

    v.                                          **JURY INSTRUCTIONS**

ALLSTATE INSURANCE COMPANY,

              Defendant.
_____/

**NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS**

**JURY INSTRUCTION NO. 1 – DUTY OF JURY**

**(COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)**

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**JURY INSTRUCTION NO. 2 – CLAIMS AND DEFENSES**

Michelle Fanucci filed this lawsuit. She is called a plaintiff. She seeks damages from Allstate, which is called a defendant. Each plaintiff and each defendant is called a party to the case.

Throughout the trial, Michelle Fanucci and her father Robert Fanucci may be referred to as the insured. The word insured means the same thing as the word policyholder. Allstate may be referred to as the insurer.

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

In 1997, Michelle Fanucci, then age twelve, was struck by a car and injured. The driver of that car was at fault for the accident, and her insurance company paid Ms. Fanucci $100,000, which was the limit of its policy.

After receiving that $100,000, Ms. Fanucci reported an underinsured motorist claim with Allstate under her parents' automobile policy. An underinsured motorist arbitrator determined that Ms. Fanucci had sustained $1,418,024.07 in damages in the accident. Allstate paid her $150,000 under her parents' underinsured motorist coverage.

In this lawsuit, Ms. Fanucci seeks $1 million from Allstate based on her contention that her family should have had higher underinsured motorist policy limits. She claims that, in 1987, her father, Robert Fanucci, requested and was promised by Allstate agent Michael Baldwin a Personal Umbrella Policy providing excess underinsured motorist coverage in the amount of $1 million. Ms. Fanucci's claims are for (1) breach of contract based on estoppel; (2) negligence; and (3) negligent misrepresentation.

Allstate contends Ms. Fanucci's father did not request either underinsured motorist coverage of $1 million or a Personal Umbrella policy in 1987. Allstate also contends Mr. Baldwin made no misrepresentations in 1987 about the Personal Umbrella Policy.

**JURY INSTRUCTION NO. 3 – CORPORATIONS AND**

**PARTNERSHIPS – FAIR TREATMENT**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

**JURY INSTRUCTION NO. 4 – NON-PERSON PARTY**

A corporation, Allstate, is a party to this lawsuit. Allstate is entitled to the same fair and impartial treatment that you would give to an individual. You must decide this case with the same fairness that you would use if you were deciding the case between individuals.

When I use words like "person" or "he" or "she" in these instructions to refer to a party, those instructions also apply to Allstate.

**JURY INSTRUCTION NO. 5 – OBLIGATION TO PROVE –**

**MORE LIKELY TRUE THAN NOT**

A party must persuade you, by the evidence presented in court, that what he or she is required to prove is more likely to be true than not true. This is referred to as "the burden of proof."

After weighing all of the evidence, if you cannot decide that something is more likely to be true than not true, you must conclude that the party did not prove it. You should consider all the evidence, not matter which party produced the evidence.

In criminal trials, the prosecution must prove that the defendant is guilty beyond a reasonable doubt. But in civil trials, such as this one, the party who is required to prove something need prove only that it is more likely to be true than not true. This standard of proof is known as "preponderance of the evidence." You should base your decision on all of the evidence, regardless of which party presented it.

# JURY INSTRUCTION NO. 6 – WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.     the sworn testimony of any witness;

2.     the exhibits which are received into evidence; and

3.     any facts to which the lawyers have agreed.

**JURY INSTRUCTION NO. 7 – WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**JURY INSTRUCTION NO. 8 – EVIDENCE FOR LIMITED PURPOSE**

During the trial, I explained to you that certain evidence was admitted for a limited purpose. You may consider that evidence only for the limited purpose that I described, and not for any other purpose.

## JURY INSTRUCTION NO. 9 – DIRECT AND INDIRECT EVIDENCE

Evidence can come in many forms.  It can be testimony about what someone saw or heard or smelled.  It can be an exhibit admitted into evidence.  It can be someone's opinion.

Some evidence proves a fact directly, such as testimony of a witness who saw a jet plane flying across the sky.  Some evidence proves a fact indirectly, such as testimony of a witness who saw only the white trail that jet planes often leave.  This indirect evidence is sometimes referred to as "circumstantial evidence."  In either instance, the witness's testimony is evidence that a jet plane flew across the sky.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind.  Whether it is direct or indirect, you should give every piece of evidence whatever weight you think it deserves.

**JURY INSTRUCTION NO. 10 – PARTY HAVING POWER TO**

**PRODUCE BETTER EVIDENCE**

You may consider the ability of each party to provide evidence. If a party provided weaker evidence when it could have provided stronger evidence, you may distrust the weaker evidence.

United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 11 – FAILURE TO EXPLAIN OR DENY EVIDENCE**

You may consider whether a party failed to explain or deny some unfavorable evidence.

Failure to explain or to deny unfavorable evidence may suggest that the evidence is true.

**JURY INSTRUCTION NO. 12 – RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**JURY INSTRUCTION NO. 13 – CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness's testimony;

(6)     the reasonableness of the witness's testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

Do not make any decision simply because there were more witnesses on one side than on the other.  If you believe it is true, the testimony of a single witness is enough to prove a fact.

You must not be biased in favor of or against any witness because of his or her disability, gender, race, religion, ethnicity, sexual orientation, age, national origin, or socioeconomic status.

# JURY INSTRUCTION NO. 14 – CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site, social networking site such as Twitter or Facebook, or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**JURY INSTRUCTION NO. 15 – NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

**JURY INSTRUCTION NO. 16 – TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the envelope in the jury room. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

# JURY INSTRUCTION NO. 17 – BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**JURY INSTRUCTION NO. 18 – OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**JURY INSTRUCTION NO. 19 – STIPULATIONS OF FACT**

The parties have agreed to certain facts to be placed in evidence as an exhibit.  I will read these facts to you.  You should therefore treat these facts as having been proved.

**JURY INSTRUCTION NO. 20 – CONDUCT OF THE JURY – CAUTIONARY INSTRUCTION FOR FIRST RECESS**

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in this trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the evidence has been received, and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

**JURY INSTRUCTION NO. 21 – JUDICIAL NOTICE**

If the court decides to accept as proved certain facts even though no evidence has been introduced on the subject, you must accept this fact as true.

1  **JURY INSTRUCTION NO. 22 – IMPEACHMENT EVIDENCE – WITNESS**

2        The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior

3  occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to

4  believe the witness and how much weight to give to the testimony of the witness and for no other

5  purpose.

**JURY INSTRUCTION NO. 23 – CHARTS AND SUMMARIES**

**NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**JURY INSTRUCTION NO. 24 – CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

# JURY INSTRUCTION NO. 25 – SUMMARY OF CLAIMS

In the instant case, Michelle Fanucci has asserted two claims against Allstate:

(1)     Professional negligence.

(2)     Negligent misrepresentation.

**VICARIOUS RESPONSIBILITY**

**JURY INSTRUCTION NO. 26 – VICARIOUS RESPONSIBILITY**

A corporation is responsible for harm caused by the wrongful conduct of its agents while acting within the scope of their employment.

**JURY INSTRUCTION NO. 27 – VICARIOUS RESPONSIBILITY – LEGAL**

**RELATIONSHIP NOT DISPUTED**

In this case, the parties have stipulated that Michael Baldwin was the agent of Allstate.

Therefore, Allstate is responsible for all statements and conduct by Michael Baldwin.

**PROFESSIONAL NEGLIGENCE**

**JURY INSTRUCTION NO. 28 – NEGLIGENT FAILURE TO OBTAIN INSURANCE COVERAGE – ESSENTIAL FACTUAL ELEMENTS**

Michelle Fanucci claims that she was harmed by Allstate's negligent failure to obtain insurance requested by her father Robert Fanucci. To establish this claim, Michelle Fanucci must prove all of the following:

(1)    That Robert Fanucci requested Michael Baldwin, an Allstate agent, to obtain underinsured motorist coverage with limits of $1 million and Michael Baldwin promised to obtain that insurance for him;

(2)    That Michael Baldwin was negligent in failing to obtain the promised insurance;

(3)    That Michelle Fanucci was harmed; and

(4)    That Michael Baldwin's negligence was a substantial factor in causing Michelle Fanucci's harm.

**JURY INSTRUCTION NO. 29 – DUTIES OF AN INSURANCE AGENT**

An insurance agent's obligation is normally to purchase the specific coverage requested by his client. The agent normally has no legal duty to recommend any type of coverage to his client, and is not obligated to recommend any specific limits of coverage. A request for adequate coverage, or full coverage, does not create such a duty.

An insurance agent will be liable, however, if one or more of the following circumstances is present:

(1)     The applicant made a specific coverage request to the agent, and the agent failed to obtain the requested coverage;

(2)     The agent misrepresented or mischaracterized the coverage that was actually purchased; or

(3)     The agent held himself out as having a special expertise in a particular subject matter, and failed to secure appropriate coverage under the circumstances.

**JURY INSTRUCTION NO. 30 – CAUSATION: SUBSTANTIAL FACTOR**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

A party can succeed on a negligence claim only if it can prove that but for the other party's negligence, it would not have been damaged.

You can find Allstate negligent for failing to procure excess underinsured motorist coverage only if Michelle Fanucci proves her father, Robert Fanucci, would have purchased such insurance but for Allstate's negligence.

## JURY INSTRUCTION NO. 31 – COMPARATIVE NEGLIGENCE

Allstate claims that Michelle Fanucci's harm was caused in whole or in part by her father Robert Fanucci's negligence. To succeed on this claim, Allstate must prove both of the following:

(1)     That Robert Fanucci was negligent; and

(2)     That Robert Fanucci's negligence was a substantial factor in causing Michelle Fanucci's harm.

If Allstate proves the above, Michelle Fanucci's damages are reduced by your determination of the percentage of Robert Fanucci's responsibility.  I will calculate the actual reduction.

Allstate's defense of comparative negligence is applicable only to the claim for professional negligence, not the claim for negligent misrepresentation.

# NEGLIGENT MISREPRESENTATION

### JURY INSTRUCTION NO. 32 – NEGLIGENT MISREPRESENTATION

Michelle Fanucci claims she was harmed because Allstate, through its agent Michael Baldwin, negligently misrepresented an important fact to her father Robert Fanucci. To establish this claim, Michelle Fanucci must prove all of the following:

1. That Michael Baldwin represented to Robert Fanucci that an important fact was true;

2. That Michael Baldwin's representation was not true;

3. That Michael Baldwin had no reasonable grounds for believing the representation was true when he made it;

4. That Michael intended that Robert Fanucci rely on this representation;

5. That Robert Fanucci reasonably relied on Michael Baldwin's representation;

6. That Michelle Fanucci was harmed; and

7. That Robert Fanucci's reliance on Michael Baldwin's representation was a substantial factor in causing Michelle Fanucci's harm.

**JURY INSTRUCTION NO. 33 – DEFINITION OF IMPORTANT FACT/PROMISE**

A fact is important if it would influence a reasonable person's judgment or conduct. A fact is also important if the person who represents it knows that the person to whom the representation is made is likely to be influenced by it even if a reasonable person would not.

1  2  3  4  5  6  7  8  9  10  11  12  13  14  15  16  17  18  19  20  21  22  23  24  25  26  27  28

**JURY INSTRUCTION NO. 34 – MISREPRESENTATION MADE TO PERSONS**

**OTHER THAN THE PLAINTIFF**

Allstate is responsible for a representation that was not made directly to Michelle Fanucci if it made the representation to another person, intending or reasonably expecting that it would be repeated to Michelle Fanucci.

**JURY INSTRUCTION NO. 35 – RELIANCE**

Robert Fanucci relied on Michael Baldwin's misrepresentation if it caused him to purchase the insurance from Allstate that he probably would not have done absent such misrepresentation.

It is not necessary for a misrepresentation to be the only reason for Robert Fanucci's conduct. It is enough if a misrepresentation substantially influenced Robert Fanucci's choice, even if it was not the only reason for his conduct.

**JURY INSTRUCTION NO. 36 – REASONABLE RELIANCE**

You must determine the reasonableness of Robert Fanucci's reliance by taking into account his mental capacity, knowledge, and experience as well as other facts such as the clarity and length of the relevant documents.

**DAMAGES**

**JURY INSTRUCTION NO. 37 – DAMAGES – GENERALLY -- PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

In this case, the damages claimed by Michelle Fanucci are the additional monies that Allstate would have paid had a $1 million uninsured motorist insurance policy been provided to Mr. Fanucci.

**JURY INSTRUCTION NO. 38 – DAMAGES – GENERALLY – NO PUNITIVE DAMAGES**

You must not include in your award any damages to punish or make an example of Allstate. Such damages would be punitive damages, and they cannot be a part of your verdict. You must award only the damages that fairly compensate Michelle Fanucci for her loss.

## JURY INSTRUCTION NO. 39 – DAMAGES – GENERALLY – JURORS NOT TO CONSIDER ATTORNEY FEES AND COURT COSTS

You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit.

**JURY INSTRUCTION NO. 40 – DAMAGES – GENERALLY – ARGUMENTS OF COUNSEL**

**NOT EVIDENCE OF DAMAGES**

The arguments of the attorneys are not evidence of damages. Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

**JURY INSTRUCTION NO. 41 – DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 42 – COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**JURY INSTRUCTION NO. 43 – INTRODUCTION TO SPECIAL-VERDICT FORM**

I will give you verdict forms with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the forms carefully. You must consider each question separately. Please answer the questions in the order they appear. After you answer a question, the form tells you what to do next.

When you are finished filling out the forms, your presiding juror must write the date and sign them at the bottom. Return the forms to the clerk when you have finished.