UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE FANUCCI, | No. C-08-2151 EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL** |
| ALLSTATE INSURANCE COMPANY, *et al.*, | **(Docket No. 127)** |
| Defendants. | |

Plaintiff has filed a motion for extension of time to file a notice of appeal. Defendant has stated that it does not intend to file an opposition to the motion. In addition, both parties have agreed that the motion may be submitted to the Court on the papers without the need for any hearing. *See* Docket No. 130 (stipulation). Having considered Plaintiff's motion and accompanying submissions, the Court hereby **GRANTS** Plaintiff's request for an extension of time.

Under Federal Rule of Appellate Procedure 4(a)(5),

    (A)    The district court may extend the time to file a notice of appeal if:

        (A)    a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

        (B)    regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5).

In the instant case, Plaintiff has met both requirements above. Judgment in this case was entered on December 4, 2009. Therefore, per Rule 4(a)(1), the notice of appeal should have been filed on January 4, 2010.[1] *See* Fed. R. App. P. 4(a)(1)(A) (providing that "the notice of appeal . . . must be filed with the district clerk within 30 days after the judgment or order appealed from is entered"). Plaintiff moved for an extension of time within 30 days thereafter -- more specifically within three days.

As for the second requirement, Plaintiff has shown excusable neglect and/or good cause for an extension of time. The error in filing was caused not by Plaintiff or her counsel but rather by the attorney service hired by Plaintiff's counsel to do the filing. Furthermore, there is no indication that allowing an extension would cause any prejudice to Defendant, particularly given that the delay has been minimal. *See Reynolds v. Wagner*, 55 F.3d 1426, 1429 (9th Cir. 1995) (stating that the issue of whether the neglect of a party or her counsel is excusable is "'at bottom is an equitable one, taking account of all relevant circumstances surrounding the party's omission' – circumstances which include the risk of prejudice to the nonmoving party, the extent of the delay, and its potential effect on judicial proceedings, the reason for the delay [including whether it was within the reasonable control of the movant] and whether the moving party acted in good faith").

Accordingly, Plaintiff's motion for an extension of time is granted. Plaintiff shall have within 14 days of the date of this order to file her notice of appeal. *See* Fed. R. App. P. 4(a)(5)(C) ("No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later."). The hearing on the motion is VACATED.

This order disposes of Docket No. 127.

IT IS SO ORDERED.

Dated: January 26, 2010

EDWARD M. CHEN
United States Magistrate Judge

---

[1] January 3 was a Sunday.