UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE FANUCCI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALLSTATE INSURANCE COMPANY, *et al.*,<br><br>　　　　Defendants.<br>_____/ | No. C-08-2151 EMC<br><br>**ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION TO AMEND AWARD OF COSTS**<br><br>**(Docket No. 143)** |

　　　　Plaintiff has moved for an amendment of the award of costs to Defendant. In her motion, Plaintiff notes that Defendant agreed to a deduction of $1,909.70 from the award, *see* Docket No. 126 (Def.'s Resp. at 1 & n.1) (withdrawing request for $1,909.70 for trial transcripts without prejudice), but that the Clerk of the Court inadvertently failed to make the deduction.

　　　　In response, Defendant's argument is that Plaintiff's motion is untimely. Defendant points out that, under Federal Rule of Civil Procedure 54(d), a challenge to a cost award by the Clerk of the Court must be made within seven days. *See* Fed. R. Civ. P. 54(d)(1) (providing that "[t]he clerk may tax costs on 14 days' notice" and that "[o]n motion served within the next 7 days, the court may review the clerk's action").

　　　　The Court is not persuaded that the time constraint of Rule 54(d) is applicable under the circumstances presented here -- *i.e.*, where the parties agreed to the deduction such that the Clerk of the Clerk, in effect, made an administrative error. Moreover, the Court notes that the time limit in Rule 54(d) is not jurisdictional in nature, and therefore the Court has the authority to consider, in its discretion, an untimely objection to an award of costs. *See, e.g.*, *Lorenz v. Valley Forge Ins. Co.*, 23

F.3d 1259, 1261 (7th Cir. 1994); *Soberay Mach. & Equip. Co. v. MRF Ltd.*, 181 F.3d 759, 770 (6th Cir. 1999).

The Court therefore turns to Defendant's second argument. Defendant's second argument is that its agreement to a $1,909.70 deduction in the cost award was "without prejudice to seek such costs in the event of an appeal or other development expressly denoted in the [Civil] Local Rules." Docket No. 126 (Def.'s Resp. at 1 n.1); *see also* Civ. L.R. 54-3(b)(1) (providing that "[t]he cost of transcripts necessarily obtained for an appeal is allowable"). Defendant points out that, before the Clerk of the Court taxed costs, Plaintiff filed a notice of appeal. *See* Docket No. 132 (notice of appeal). Thus, Defendant argues, the Clerk of the Court must have taken the notice of appeal into account and decided that the $1,909.70 deduction should not have been made. The problem with this argument is that, in its response to Plaintiff's objections to the request for costs, Defendant stated that it would "*renew* its request for the cost of trial transcripts *in the appeal process*, if appropriate." Docket No. 126 (Def.'s Resp. at 1 n.1) (emphasis added). Given this language, the Clerk of the Court should have taken the $1,909.70 deduction and then, left any renewed request to a subsequent process.

Accordingly, the Court hereby **GRANTS** Plaintiff's request to amend the cost award. The award is amended so that the final costs taxed are $8,604.81 (*i.e.*, $10,514.51 – $1,909.70). This ruling is without prejudice to Defendant making a renewed request for the cost of trial transcripts consistent with applicable rules.

This order disposes of Docket No. 143.

IT IS SO ORDERED.

Dated: May 25, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge

2